## WHEELER v. EMMELUTH.

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

JUDGMENT—CANCELLATION—MOTION TO SET ASIDE ORDER.

    An order canceling a judgment, without notice to the owner, is irregular; but where the parties in interest are afterwards heard on a motion to vacate the order, and it appears that if vacated it would have to be again entered, and it does not appear that any one has been prejudiced by it, the order should stand.

Appeal from special term, Westchester county.

The plaintiff, Thomas Wheeler, recovered a judgment againt the defendant, William Emmeluth, in 1876, and others against him in 1877. In 1885 the defendant, as an insolvent debtor, received from the county court of Westchester county an order discharging him from his debts. Subsequently executions issued to satisfy the judgments, and on motion of defendant's attorney an order was made and entered at the special term, June 8, 1889, canceling the judgments; whereupon plaintiff moved to vacate and set aside the

·order. July 20, 1889, an order was made denying the motion, from which ·order plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Michael J. Scanlon,* for appellant. *Gabriel Levy,* for respondent.

PRATT, J. It was undoubtedly irregular to enter an order without notice to the owner of the judgments, but the owner had an opportunity to be heard upon the merits when he made his motion to vacate the order, and no fact was proved or reason suggested to show that the order, as entered, was not right. So far as appears, precisely such an order would have to be again entered in case it was set aside for the irregularity complained of. The plaintiff should have shown upon his motion to vacate the order that he had been prejudiced by the entry of the order without notice. Under all ·the circumstances, we think the order should stand. Order affirmed, but without costs. All concur